UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

WILLIAM LYONS and LINDA LYONS,
as Co-Administrators of the Estate of
ADAM LYONS, Deceased,

2003 NOV 13  A 10: 03

CIVIL ACTION NO.
3:02CV1788 (WWE)

Plaintiffs,

-against-

VIAJES FLIGHTLINE, S.L., FLIGHTLINE,
LTD., FLIGHTLINE INTERNATIONAL, LTD.,
FLIGHTLINE INTERNATIONAL, S.L.,
AFROSPANIA LOGISTICS, INC.,
AFROSPANIA AIR LINK, LTD.,
and ROBERT LOVELESS,

November 12, 2003

Defendants.

### PLAINTIFFS' MOTION FOR EXTENSION OF TIME

Plaintiffs in the above captioned matter hereby request that the Court grant an extension of time up through and including February 20, 2004 to enable plaintiffs to complete service of the summons and complaint upon the defendant Robert Loveless. As will be set forth below, plaintiffs are continuing their good faith and due diligent attempts to effectuate service upon Mr. Loveless in accordance with the provisions of the Hague Convention. Despite our efforts, however, plaintiffs have been unable to complete service. Indeed and as we previously advised this Honorable Court, plaintiffs have commenced service of the summons and complaint pursuant to the provisions of the Hague Convention. In this regard, plaintiffs have contacted the Mexican authorities, namely, the Office for the Secretary of External Relations for the Country of Mexico and have confirmed that the summons and complaint has been sent to Chihuahua, Mexico for service and that the Mexican authorities are presently awaiting confirmation of service from the Supreme Court of Justice for the State of Chihuahua, Mexico. In addition, the

"air carrier" defendants, namely, Viajes Flightline, S.L., Flightline, Ltd., Flightline International, Ltd., Flightline International, S.L., filed an answer in this Honorable Court on September 15, 2003.

The instant action arises from an airplane crash that occurred in the Mediterranean Sea on October 10, 2001. The decedent, Adam Lyons, a resident of the State of Connecticut, was one of eight passengers and two crew that were killed in the accident. At the time of the crash, the subject charter aircraft was traveling from Barcelona, Spain to Oran, Algeria. The passengers, all of whom were working for a Connecticut based company, were traveling to Algeria to perform work on an oil refinery.

This complex wrongful death litigation involves numerous foreign corporate defendants organized and existing under the laws of Spain and the Grand Cayman Islands, British West Indies as well as two (2) defendants who it was believed were residents of the United States. In addition, representatives on behalf of other passengers killed in the accident have also filed actions pending in this district. Those cases, however, have been assigned to the Honorable Alfred V. Covello and the Honorable Janet Bond Arterton.[1]

As the Court is aware, the rights and liabilities of the parties as a result of the accident occurring during international transportation by air will be governed by either the Convention for the Unification of Certain Rules Relating to International Transportation by Air, 49 Stat. 3000, 2

---

[1] As we previously advised the Court, an action on behalf of an additional passenger is presently pending in the United States District Court for the Southern District of Texas. As set forth below, by reason of the fact that actions arising from this accident are pending in more than one federal district court, the "air carrier" defendants have requested that the Judicial Panel on Multidistrict Litigation consolidate and transfer all of the actions arising from this accident to this Honorable Court.

Bevans 983, 137 L.N.T.S. 11 (the "Warsaw Convention") or the recently passed 1999 treaty known as the "Montreal Convention" which was sign into law by President Bush in September, 2003.

With respect to plaintiffs' efforts to effectuate service upon Mr. Loveless, service must be accomplished pursuant to the provisions of the "Hague Convention" since Mr. Loveless is residing in Mexico. In this regard and as we previously advised this Honorable Court, plaintiffs have completed the documentation necessary to effectuate service upon Mr. Loveless pursuant to the provisions of the Hague Convention. As such, the necessary "Hague" documents, including, the summons, complaint, and USM Form 94 Request for Service Abroad of Judicial or Extrajudicial Documents have been translated into Spanish and were forwarded to the Office of the Secretary of Exterior Relations, General Judicial Director, for the Country of Mexico, on June 27, 2003. It is our understanding that to date, the Mexican authorities have yet to complete service upon Mr. Loveless.

In accordance with the Court's prior order regarding service, the time to effectuate service was extended up through and including November 24, 2003. Since Mr. Loveless is residing in a foreign country, however, service must be effectuated under Federal Rule of Civil Procedure 4(f). As such, when effectuating service upon a defendant who resides outside of the United States, the time limits to effectuate service under Federal Rule of Civil Procedure 4(m) do not apply.

Nonetheless and in an abundance of caution, plaintiffs are filing the instant motion to advise the Court of the progress of service and other issues and to comply with the Court's prior Order regarding service. As set forth above, plaintiffs were granted until November 24, 2003 to

effectuate service upon Mr. Loveless. Plaintiffs have diligently attempted to serve Mr. Loveless. However, since the Hague documents are presently in the possession of the Mexican authorities, plaintiffs must wait until the Mexican authorities have completed service of the Hague documents upon Mr. Loveless.

As discussed above, on November 11, 2003, my office contacted the Office for the Secretary of External Relations for the Country of Mexico and spoke with Ms. Antoinetta Osorio to inquire as to the status of service under the Hague Convention. We were advised by Ms. Osorio that the summons and complaint was forwarded to the Supreme Court of Justice for the State of Chihuahua, Mexico for service. Ms. Osorio further advised that her office is presently waiting for confirmation from the Supreme Court for the State of Chihuahua, Mexico that service has in fact been completed. Accordingly, plaintiffs request that this Honorable Court grant until February 20, 2004 to effectuate service upon the defendants. See McCarron v. McGee, 1988 U.S. Dist. Lexis 794 (E.D. Pa. 1988) (plaintiff's repeated but unsuccessful attempts to ascertain defendant's address demonstrates diligence in attempting service and warrants granting of additional time to effect service); see Panaras v. Liquid Carbonic Indus., Corp., 94 F.3d 338 (7th Cir. 1996) (holding that an extension of time to effect service must be granted upon a showing of good cause and further that even in the absence of good cause, court may extend time for service).

This is the fourth request for an extension of time regarding issues relating to service of the summons and complaint. Also, pursuant to Local Rule 9.3, plaintiffs have not been able to contact counsel for defendants Afrospania Logistics, Inc., and Robert Loveless as they have not yet appeared in this action. In addition, counsel for the "air carrier" defendants do not object to

4

this request.

Lastly, and as the Court is aware, the "air carrier" defendants have filed a motion before the Judicial Panel on Multidistrict Litigation (the "Panel") requesting that all cases arising from the accident be consolidated and transferred to this Honorable Court. Plaintiffs have joined in that request. This matter will appear on the Panel's calendar on November 20, 2003. Naturally, we will contact the Court once we receive the Panel's decision.

BY: _____
Douglas A. Latto (CT 25257)
BAUMEISTER & SAMUELS, P.C.
One Exchange Plaza
New York, New York 10006
Phone No. (212) 363-1200
Fax No. (212) 363-1346

5

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2003, a true and correct copy of the annexed Motion for Extension of Time and Proposed Order was served via United States Postal Service on the addressees on the attached Service List.

_____
Douglas A. Latto

# Service List

Diane Westwood Wilson, Esq.
Condon & Forsyth, LLP
685 Third Avenue
New York, New York 10017
***Attorneys for Defendant Viajes Flightline, S.L.,
Flightline, Ltd., Flightline International, Ltd.,
Flightline International, S.L.***


Joel T. Faxon, Esq.
Stratton Faxon
59 Elm Street
New Haven, CT 06510
***Co-Counsel for Plaintiffs
William Lyons and Linda Lyons***